THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DONALD M. GRAY, JR., Appellant.

County Court, Columbia County, March 24, 1948.

*Thomas P. Kennedy,* District Attorney, for respondent.

*Robert F. Meyers* for appellant.

CONNOR, J. The defendant at the time of his arrest was the owner and holder of a New York State junior operator's license. On the 4th day of January, 1948, with his parents' consent, he drove his mother's automobile in Columbia County for the purpose of arranging for a job for himself during the summer months. On his way home he came upon the scene of an accident. After he had stopped his automobile he was arrested and charged with the violation of subdivision 4 of section 20 of the Vehicle and Traffic Law, which is a misdemeanor. The theory of the charge against the defendant is that as such a junior operator he was entitled to operate a motor vehicle, according to paragraph b of subdivision 1 of section 20 of the Vehicle and Traffic Law, elsewhere than in a city of a population of 1,000,000 or more, only in the usual and ordinary pursuit of the business of the parent or guardian, and that in going to obtain a job for himself he was not engaged in the usual ordinary pursuit of business of his parent and that therefore he was operating without any license, and therefore guilty of violating the section which provides that no person shall operate or drive a motor vehicle on a public highway of this State unless he is duly licensed under this chapter.

There is considerable doubt as to whether or not a junior operator who is operating his parents' automobile or any other automobile upon business that is concededly not the usual and ordinary business of the parent should be convicted of violation of subdivision 4 of section 20 of the Vehicle and Traffic Law. In fact, in the case of *People* v. *Gillette* (172 Misc. 847) the court held that discipline for such violation should be sought in the suspension or revocation of the junior operator's license and in that case it was held (pp. 849-850) that " The recreation of

youth and the supervision and regulation of that recreation are the concern and duty of the parent," and that " the concern and duty of a parent [is] to furnish transportation for the youth according to his means to and from places of proper and suitable recreation ". Here, however, it is not necessary to go as far as the court did in the *Gillette* case (*supra*), for it requires little imagination to see that the procurement of a job for a boy who is attending school, is the usual and ordinary pursuit of the business of the parent or guardian. In fact, since the wages of an unemancipated minor child belong to the parent, it would be difficult to hold otherwise.

The seriousness of the conviction does not rest in the fine of $2 which was imposed, but rather in the fact that the conviction being one of a misdemeanor will throughout the life of the defendant, a young man with an excellent character and reputation, of necessity be a source of business, social and financial embarrassment. The defendant is entitled to the benefit of every reasonable doubt and it is difficult to understand how there cannot be any reasonable doubt that he was engaged in the ordinary pursuit of the business of his parents at the time of his arrest. Where the violation of a statute carries with it the stigma of conviction, the statute must be liberally construed, and a purely statutory offense cannot be established by implication and acts otherwise innocent and lawful do not become crimes unless there is a clear and positive expression of the legislative intent to make them criminal. (*People* v. *Phyfe,* 136 N. Y. 554.)

Judgment of conviction should therefore be reversed.